OPINION OF THE COURT
Ruth Pickholz, J.
The defendant, Lexington Frazier, was arrested on February 15, 1994 and charged with resisting arrest (Penal Law § 205.30 *696 —a class A misdemeanor); unlawful possession of marihuana (Penal Law § 221.05 — a violation); and criminal sale of marihuana in the fourth degree (Penal Law § 221.40 — a class A misdemeanor). On March 23, 1994 the charge of criminal sale of marihuana in the fourth degree was dismissed upon motion of the People. The defendant now moves to dismiss the accusatory instrument on the ground that he has been denied his right to a speedy trial pursuant to CPL 30.30.
The defendant faces charges for which he could be imprisoned for a period in excess of three months. The People must, therefore, announce their readiness for trial within 90 days of the commencement of the criminal action. (CPL 30.30 [1] [b].)
For the reasons set forth below the motion to dismiss is granted.
There are 69 days of includable time that are not in dispute.
At issue is the 27-day adjournment from May 17, 1994 to June 13, 1994. Although the People answered not ready for trial on May 17, 1994, it is undisputed that prior to the May 17th adjournment, the defense told the prosecutor that he would consent to an adjournment in order to contact defendant’s parole officer; apparently with a view towards disposing of the case by plea rather than trial. Neither party came to the presiding Judge who ordered the trial to seek permission for the adjournment. Rather, the prosecutor, relying on this private, albeit unsanctioned agreement with defense counsel, did not notify any of the necessary witnesses and answered not ready on the trial date. On May 17, 1994, the court, in its discretion, refused to grant the adjournment on consent and set June 13, 1994 as another trial date charging the entire period to the prosecution.
The People now argue that notwithstanding the court’s refusal to grant the adjournment on consent, the period should be excluded since the People’s failure to be ready for trial was a result of their reliance on the defense attorney’s assurance that he would consent to the adjournment.
This scenario is an all-too-common one in criminal court. A Judge sets a date for a hearing or trial believing that the case will proceed in the manner ordered. On the date set, the Judge is informed that, unbeknownst to the court, the parties have already agreed on a "consent adjournment” and it is expected that the court will, without question, acquiesce, excluding the time and postponing the proceeding. This practice can no longer continue. The prosecution and the defense *697 Bar are put on notice that their private agreements to adjourn cases are not binding on the court for speedy trial purposes. CPL 30.30 (4) (b) clearly states that an adjournment will be excludable only if it is the result of a "continuance granted by the court at the request of, or with the consent of, the defendant or his counsel. The court must grant such continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt dispositions of criminal charges” (emphasis added).
A review of the transcript of the May 17th proceedings of the case at bar clearly shows that the presiding Judge did not believe that justice would be served by granting the adjournment. The fact that defense counsel wanted time to determine the outcome of the defendant’s parole hearing was not a compelling reason for the court to postpone the case on consent. I find no reason to disturb that finding. It should also be noted that even though the court set a long date, putting the People on notice that they would be charged for the entire period, at no time did the People file a certificate of readiness.
If agreements such as this are entered into without court approval, the parties proceed at their peril. The People cannot rely on "consent adjournments” that the court has not explicitly granted. Therefore, since the 27-day period from May 17, 1994 to June 13, 1994 is chargeable to the People, there are a total of 96 includable days and accordingly, defendant’s motion to dismiss is granted.